UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DONALD K. TURNER, )
)
Plaintiff, )
)
v. ) No.: 3:15-CV-270-TAV-HBG
)
ALCOA, INC., and )
HIGHMARK INC., d/b/a, )
HIGHMARK BLUE CROSS )
BLUE SHIELD, )
)
Defendants. )

# MEMORANDUM OPINION

This Employee Retirement Income Security Act ("ERISA") case is before the Court on the Report and Recommendation ("R&R") issued by United Magistrate Judge H. Bruce Guyton [Doc. 23]. In the R&R, Judge Guyton recommends that plaintiff's Motion for Judgment on the Record [Doc. 12] be denied, and that defendants' Joint Motion for Judgment on the Administrative Record [Doc. 14] be granted. Plaintiff filed an objection to the R&R [Doc. 25], and defendants replied [Doc. 27]. Defendants also filed a contingent objection [Doc. 26].

## I. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. Analysis[1]

This case arises due to defendants' decision to deny insurance coverage for plaintiff's proton beam therapy, which plaintiff sought in order to treat his prostate cancer. In denying coverage, defendants determined that the use of proton beam therapy to treat prostate cancer constituted an "experimental/investigational" treatment under the terms of the insurance plan, and thus, the costs associated with that treatment were not covered [Doc. 23 p. 4]. In the R&R, Judge Guyton found that defendants' determination was not arbitrary and capricious, and thus, should be upheld [*Id.* at 12]. In his objection, plaintiff argues that Judge Guyton's determination was incorrect because: (1) Judge Guyton failed to consider that Medicare and other insurance providers cover proton therapy when used to treat prostate cancer; (2) Judge Guyton ignored the fact that the physicians upon whose opinions defendants based their conclusion were handpicked by defendants; and (3) one of the reasons defendants denied coverage was that plaintiff had

---

[1] The Court presumes familiarity with the R&R issued in this case [Doc. 12].

2

not attempted other methods to treat his prostate cancer [Doc. 25]. The Court will address each of these arguments in turn.

        A.      **How Other Plans Treat Proton Beam Therapy**

In the R&R, when determining that defendants' decision to deny coverage was not arbitrary and capricious, Judge Guyton declined to consider how any other insurance providers treat proton beam therapy in the context of their own plans [Doc. 23 p. 18]. Plaintiff argues in his objection that Judge Guyton erred in declining to do so, contending that the manner in which policy terms are interpreted industry-wide is evidence of how defendants should have interpreted the terms at issue in this case. In support of this argument, plaintiff cites to caselaw indicating that a Court may consider "known customs or usages in a particular industry to determine the meaning of an [insurance] contract" [Doc. 25 p. 3 (*citing M&G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 935 (2015))]. Plaintiff asserts, therefore, that because a number of other insurers do not consider proton beam therapy experimental/investigative when used to treat prostate cancer, defendants' determining that it is such was arbitrary and capricious.

Plaintiffs' argument is, however, doubly flawed. Firstly, while plaintiff contends that Medicare and other plans do not consider proton beam therapy experimental or investigational when used to treat prostate cancer, plaintiff has not provided the Court with any comparative analysis between the language of these plans and the language in the plan at issue in this case. Such information is of critical importance, as differences in how plans define experimental/investigational could lessen or eliminate any probative

3

value in comparing different plans' treatment of proton beam therapy. *See Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 115 (1989) ("The validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms *in the plan at issue*.") (emphasis added).

Secondly, and more significantly, plaintiff's argument ignores the fact that some plans that have confronted this issue have determined that proton beam therapy is experimental/investigational when used to treat prostate cancer. Even taking as true plaintiff's contention that Medicare and other plans provide coverage for proton beam therapy, there does not appear to be a consensus among insurers, as several district courts have upheld a plan's decision to deny coverage under similar circumstances.

For example, in *Dillon v. Timken Co*, the United States District Court for the Western District of Pennsylvania upheld a plan's refusal to cover the use of proton beam therapy to treat prostate cancer. No. 11-195, 2013 WL 4508975, at *2 (W.D. Penn. Aug. 26, 2013). In denying coverage, the plan administrator had found that the requested treatment was experimental/investigational under the terms of the plan at issue. *Id.* Similarly, in *Garner v. Grp. Health Plan*, the United States District Court for the Eastern District of North Carolina found that a plan administrator did not abuse its discretion when it refused coverage for the use of proton beam therapy to treat prostate cancer, noting that "no reasonable jury could find that [the plan administrator] abused its discretion in denying coverage for [proton beam therapy] as experimental." No. 05-cv-00152, 2011 WL 1321403, at *5 (E.D. N.C. Apr. 4, 2011).

4

Therefore, several district courts faced with a situation similar to that facing the Court in this case upheld a plan administrator's determination that proton beam therapy is experimental/investigative when used to treat prostate cancer. This caselaw is especially significant in light of the Sixth Circuit decision *Peruzzi v. Summa Med. Plan*, 137 F.3d 431 (6th Cir. 1998). In *Peruzzi*, the Sixth Circuit, while considering a plan administrator's determination that a certain treatment was experimental, indicated "[t]hat courts were still upholding the denial of coverage for the procedure as experimental at the time [the defendant] made its determination supports the conclusion that the decision was not arbitrary and capricious." *See id.* at 435.

Applying *Peruzzi* to this case, the Court finds that the fact that district courts were still upholding denials of coverage for proton beam therapy to treat prostate cancer as experimental/investigative close in time to when defendants decided to deny coverage "supports the conclusion that the decision was not arbitrary and capricious." *Id.* Indeed, the *Dillon* decision upholding such a denial was decided fewer than ten months prior to defendants' initial denial of coverage in this case.[2] Therefore, consideration of how other plans have treated proton beam therapy, with a particular emphasis on the accompanying caselaw, supports rather than undercuts Judge Guyton's finding that defendants' decision was not arbitrary and capricious.

In sum, the Court does not find that the R&R's conclusion is undermined by the fact that many insurance providers, including Medicare, provide coverage for proton

---

[2] Defendants' initial denial of coverage was on June 10, 2014, and the *Dillon* decision entered August 26, 2013.

5

beam therapy when used to treat prostate cancer. Therefore, the Court will overrule the objection in this regard.

## B. Defendants' Reliance on "Handpicked Experts"

Plaintiff also appears to argue that defendants' denial of coverage was arbitrary and capricious because defendants relied on the opinions of physicians that plaintiff contends were "handpicked experts" [Doc. 25 p. 3]. As an initial point, the Court notes that plaintiff did not make this argument to Judge Guyton, and as such, the Court deems the argument waived. *See Murr. v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that absent compelling reasons parties are not permitted to "raise at the district court stage new arguments or issues that were not presented to the magistrate"). Furthermore, even were the Court to consider this argument, it would not be well taken. In questioning the impartiality of the reviewing physicians, plaintiff has offered "no evidence of bias beyond conclusory allegations." *See Connelly v. Std. Ins. Co.*, No. 16-3036, 2016 WL 5754176, at *5 (6th Cir. Oct. 4, 2016). As a court within this district previously noted, "the mere possibility of a conflict of interest, without more, does not alter the conclusion that defendant's determination was rational, was based on the evidence, and thus was not arbitrary and capricious." *See Huffaker v. Metro. Life Ins. Co.*, No. 3:05-cv-527, 2007 WL 760439, at *10 (E.D. Tenn. Mar. 8, 2007). Therefore, the Court will overrule the objection in this regard.

### C. Defendants' Denial Statement that Plaintiff Failed to Attempt Alternative Treatments

Finally, plaintiff argues in his objection that the R&R is incorrect because it noted that one of the reasons defendants initially denied coverage was that "plaintiff had not tried and failed other prostate therapies" [Doc. 25 p. 4]. This argument is not well taken. Firstly, although Judge Guyton mentioned this fact in the background section of the R&R, there is no evidence that Judge Guyton relied upon this fact at all in reaching his conclusions, a point which plaintiff concedes in his objection [*Id.* ("In fairness, it is not clear that the Honorable Magistrate Judge relied upon this position of the Defendants.")]. Furthermore, as Judge Guyton noted in the R&R, the parties in this case have relied on studies and medical experts presenting conflicting views about the safety and effectiveness of proton beam therapy when compared to other methods of treatment. The Court agrees with Judge Guyton that it is not the Court's role to determine which authorities are correct, but rather, the Court is merely to determine whether defendants' decision was the "result of a deliberate, principled reasoning process." *See Glenn v. MetLife*, 461 F.3d 660, 667 (6th Cir. 2006). As such, because there is no indication that Judge Guyton relied at all upon this statement in reaching his conclusion, and because the Court declines to determine the veracity of any particular medical experts, the Court will overrule the objection in this respect.

In sum, the Court finds that plaintiff's arguments as set forth in the objection are not well taken, and such, the Court will overrule plaintiff's objection.

### III. Defendants' Contingent Objection

Defendants also filed a continent objection [Doc. 26], in which they advance additional reasons for why the Court should accept the R&R in its entirety. Because the Court will overrule plaintiff's objections, and accept in whole the R&R, it will deny defendants' contingent objection as moot.

### IV. Conclusion

For the reasons discussed herein, the Court will **OVERRULE** plaintiff's objection [Doc. 25], and **DENY as moot** defendants' contingent objection [Doc. 26]. Accordingly, the Court will **ACCEPT IN WHOLE** the R&R, which the Court incorporates into its ruling. As such, the Court will **DENY** plaintiff's Motion for Judgment on the Record [Doc. 12], and **GRANT** defendants' Motion for Judgment on the Administrative Record [Doc. 14]. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE